UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

JUAN DE LOS SANTOS,

    Plaintiff,

v.                                                                    Case No.: 1:21-cv-20179

HD&S CORP. SUCCESSOR, INC.                    JURY DEMANDED
d/b/a MERCY HOSPITAL,

    Defendant.
_____/

## COMPLAINT

Plaintiff, JUAN DE LOS SANTOS, files this complaint against Defendant, HD&S CORP. SUCCESSOR, INC. d/b/a MERCY HOSPITAL ("MERCY HOSPITAL"), and alleges the following:

## JURISDICTION

1. This Court has subject matter jurisdiction over this civil action pursuant to 28 U.S.C. §§ 1331 because JUAN DE LOS SANTOS' claims arise under the laws of the United States.

2. This Court has personal jurisdiction over the parties to this action because Plaintiff subjects himself to the jurisdiction of this Court and over Defendant, MERCY HOSPITAL, pursuant to 28 U.S.C. § 1391(d), because it is registered to do business in the State of Florida, has an office for the transaction of

1

business within the judicial district of this Court, and would be subject to personal jurisdiction in this Court's judicial district if the Court's judicial district were a separate state; and because, in accordance with 29 U.S.C. § 2617(a)(2); 42 U.S.C. § 12117(a), and 42 U.S.C. § 2000e-5(f)(3), the unlawful employment practices alleged in this civil action occurred within this Court's judicial district.

## VENUE

3. Venue of this action is properly in this Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred within the judicial district of this Court, and Defendant is subject to the Court's personal jurisdiction with respect to this civil action.

## PARTIES

4. Plaintiff, JUAN DE LOS SANTOS, is domiciled in Miami-Dade County, Florida.

5. Defendant, MERCY HOSPITAL, is a Florida profit corporation with a principal address of One Park Plaza, Nashville, TN 37203, and doing business at 3663 S. Miami Ave., Miami, Florida 33133. It is registered to do business in the State of Florida, and its registered agent is CT Corporation System, 1200 South Pine Island Road, Plantation, FL 33324.

## CONDITIONS PRECEDENT

6. The Plaintiff has complied with all administrative prerequisites, which

are necessary to file a complaint, pursuant to The Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.*, including filing a charge of discrimination with the Florida Commission on Human Relations ("FCHR"), and received a notice of right to sue letter concerning his charge, which is attached hereto as Exhibit A. This action is timely brought thereafter.

## STATEMENT OF THE ULTIMATE FACTS

7. Plaintiff began his employment with Defendant in 1981 as a Hemodialysis Technician and rose to the position of Clinical Practice Specialist in Behavioral Health Services and a Nurse Practitioner.

8. In approximately 1982, Plaintiff was diagnosed with Crohn's Disease and immediately made Defendant aware of his condition, and requested a reasonable accommodation.

9. Initially, Defendant granted Plaintiff's request for a reasonable accommodation by allowing him to work flexibly on a salaried basis and to take leave on a sporadic basis whenever his chronic illness flared up.

10. In August 2019, Defendant suddenly converted Plaintiff to an hourly employee instead of a salaried employee. This switch greatly exacerbated Plaintiff's chronic condition because of the loss of job flexibility. Plaintiff objected to this change, and requested the additional accommodation of being allowed transfer to Kendall Regional Hospital, an affiliate of Defendant, that would be closer to his

home and better allow him to manage his disease symptoms. Defendant refused Plaintiff's accommodation request and additionally failed to engage in an interactive process with Plaintiff to determine an appropriate accommodation as required by the Americans with Disabilities Act, 42 U.S.C. §§ 12101 *et seq.* ("ADA").

11. On September 17, 2019, Plaintiff suffered a flare-up of his chronic Crohn's Disease condition, which created a medical emergency for Plaintiff regarding his serious medical condition within the meaning of the Family and Medical Leave Act, 29 U.S.C. §§ 2601 *et seq.* ("FMLA").

12. Plaintiff immediately advised Defendant that he needed to utilize his rights provided by the FMLA, and initiated the request through Defendant's online leave request site that same day.

13. On September 19, 2019, Plaintiff received a letter from Defendant dated September 18, 2019, advising him that his employment was terminated due to his position elimination.

14. Defendant's stated reason for terminating Plaintiff's employment was merely a pretext for the true reason for his termination, Defendant's attempt to unlawfully interfere with Plaintiff's FMLA rights, retaliating against him for utilizing those rights, and/or denying Plaintiff his rights under the ADA, and retaliating against him for requesting an accommodation under the ADA.

15. Plaintiff has retained the undersigned to represent his interests in this

cause and is obligated to pay him a fee for his services.

## COUNT I
## DISCRIMINATION AND RETALIATION IN VIOLATION OF
## THE FAMILY AND MEDICAL LEAVE ACT

16.  Plaintiff incorporates by reference paragraphs 1-15.

17.  At all times material there was in full force and effect the Family and Medical Leave Act, 29 U.S.C. § 2601, et. seq. ("FMLA"), which makes it "unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise" an employee's FMLA rights.

18.  At the time Plaintiff notified Defendant of his serious health condition within the meaning of FMLA, Plaintiff was an eligible employee under the FMLA because he was employed for at least 12 months, worked at least 1250 hours during the 12 months preceding his attempt to utilize his rights provided by the FMLA, and worked at a location for Defendant where Defendant employed more than 50 employees within a 75-mile radius.

19.  Defendant was and is an employer under the FMLA because it was and is engaged in commerce or in an industry affecting commerce employing 50 or more employees for each working day during each of 20 or more calendar workweeks in the current or preceding year.

20.  Plaintiff was entitled to the benefits under the FMLA at that time because he had a serious health condition within the meaning of the FMLA, because

he suffered from an illness that involved inpatient care at a hospital, and/or because he suffered from an illness that required continuing treatment by a health care provider.

21. Defendant violated the FMLA by interfering, restraining, and denying Plaintiff's request for FMLA leave, and for discharging him for utilizing his rights provided by the FMLA, and refusing to reinstate him to his previous position of employment at the conclusion of his leave.

22. The violations of the FMLA by Defendant against Plaintiff were done with malice or with reckless indifference to Plaintiff's federally protected rights.

23. To remedy Defendant's violations of the FMLA, Plaintiff is entitled to damages in the form of back pay, together with interest at the prevailing rate; an additional equal amount as liquidated damages; a declaration that Defendant violated the FMLA; reinstatement to his employment position, and/or front pay; the reasonable value of benefits lost, together with interest thereon at the prevailing rate; the cost of all medical expenses that would have been covered by Plaintiff's health insurance benefits; compensatory damages; costs and reasonable attorneys' fees.

## COUNT II
## DISCRIMINATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT

24. Plaintiff incorporates by reference paragraphs 1-15.

25. At all times material, there was in full force and effect the Americans

with Disabilities Act, 42 U.S.C. § 12101, et seq. ("ADA"), which prohibits a "covered entity" from discriminating against a "qualified individual on the basis of a disability in regard to . . . discharge of employees, . . . and other terms, conditions, and privileges of employment."

26. The prohibition against discriminating expressly includes "not making reasonable accommodations to the known physical . . . limitations of an otherwise qualified individual with a disability. . ."

27. Defendant is a covered entity under the ADA because it is an employer that is engaged in an industry affecting commerce and has 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding year.

28. Plaintiff is a qualified person with a disability because he is an employee with a physical impairment that substantially limits one or more major life activities, who can nevertheless perform the essential functions of his job with or without reasonable accommodations.

29. Defendant discriminated against Plaintiff in violation of the ADA on the basis of handicap because it failed to accommodate his handicap, or even attempt the required "interactive process" with him to discuss accommodation, and terminated him because of his disability.

30. Additionally, the violations of the ADA by Defendant against Plaintiff

were done with malice or with reckless indifference to Plaintiff's federally protected rights.

31. To remedy Defendant's violations of the ADA, Plaintiff is entitled to the same remedies available to a victim of a violation of Title VII, namely, a declaration that Defendant violated the ADA; reinstatement to his employment and/or front pay; back pay with interest thereon at the prevailing rate; the reasonable value of all benefits lost, with interest thereon at prevailing rates; compensatory damages; punitive damages; costs and reasonable attorneys' fees.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays:

a) That this Court cause proper process to issue, requiring the Defendant to answer this Complaint;

b) That this Court empanel a jury to try all issues so triable;

c) That this Court grant equitable relief against Defendant under the applicable count set forth above, mandating Defendant's obedience to the laws enumerated herein and providing other equitable relief to Plaintiff;

d) Enter judgment against Defendant and for Plaintiff awarding damages to Plaintiff from Defendant;

e) Enter judgment against Defendant and for Plaintiff permanently enjoining Defendant from future violations of the laws enumerated herein; and

f) Such other, further relief to which Plaintiff may be entitled.

Respectfully submitted this 15th day of January, 2021.

By: */s/ Ryan B. Hobbs*
Ryan B. Hobbs
Florida Bar No: 44179
**BROOKS, LEBOEUF, FOSTER, GWARTNEY, LEACE & HOBBS, P.A.**
909 East Park Avenue
Tallahassee, FL  32301
Phone:  850-222-2000 / Fax:  850-222-9757
rhobbs@tallahasseeattorneys.com
jeanetta@tallahasseeattorneys.com

and

By: */s/ D. Andrew Byrne*
D. Andrew Byrne, Esq., B.C.S.
**ANDREW BYRNE & ASSOCIATES, P.A.**
Fla. Bar No. 0905356
New York Bar No. 4543120
Illinois Bar No. 6330729
Tennessee Bar No. 11431
801 Brickell Avenue, Suite 900
Miami, Florida 33131
Phone:  305-433-7835 / 305-433-5102 (fax)
andrew@byrnepa.com

*Attorneys for Plaintiff*